■ TOWN OF ISLIP, Respondent, v. FREDERICK H. SMITH, Appellant.— In an action to recover rent alleged to have accrued under a written lease and supplementary agreements, the appeal is from a judgment awarding damages in the total amount of $24,538.98 to the plaintiff, as lessor of approximately 27 acres at MacArthur Airport, located in the Ronkonkoma area of the town of Islip, against the lessee. Judgment modified on the law and the facts by striking therefrom the last paragraph and by substituting therefor a paragraph providing that plaintiff recover of defendant the sum of $484.66, with appropriate interest and costs, and that plaintiff have execution therefor. As so modified, judgment unanimously affirmed, with costs to appellant. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The lease between the parties contained a provision that appellant should pay as rent, in addition to a fixed amount and an additional amount computed on the sale of motor fuel, 1% of the gross receipts derived from all operations of the lessee, direct or indirect. The term "gross receipts" was not defined in the lease, but it was provided therein that the term "gross income" should be construed as meaning, *inter alia*, "Total income received by sub-lessees derived from all sources by reason of the operation of the sub-lessee". Leases to the sublessees, approved by respondent, provided for a fixed rent only and made no provision for payment as rent of any percentage of the income of the sublessees derived from their operations. During the time when appellant operated the leased premises under the lease, payment of rent was made in a sum which represented 1% of the rental received by appellant from the sublessees, and which did not include, nor was it computed on the basis of, any percentage of the receipts of the sublessees from their own operations. Such payments were received by respondent, and receipts were given therefor, as payments in accordance with the lease between the parties. There was uncontradicted evidence that no part of the receipts of the sublessees from their operations ever came into the hands of appellant. It was held by the trial court that the terms "gross receipts" and "gross income" as used in the lease, were "meant to be construed interchangeably", and that respondent was entitled to recover from appellant as rent in addition to that computed on the sales of motor fuel, a sum equal to 1% of the total receipts of the sublessees derived by them from their operations. In our opinion, the lease is not ambiguous, insofar as it provided for the payment of rent by appellant, and may not be so construed. The plain meaning of the words "gross receipts derived from all operations of the lessee" excludes a construction which would include therein a percentage of the gross receipts derived by the sublessees from their operations, no part of which was ever received by appellant, who had no interest therein. If it be assumed, however, that the lease is ambiguous and that construction is permissible, the overwhelming evidence as to the practical construction of the terms of the lease by the parties must lead to the same conclusion. (See *Woolsey* v. *Funke*, 121 N. Y.

87, 92; *Marlton Operating Corp.* v. *Local Textile Mills*, 137 N. Y. S. 2d 438, and cases cited therein.) Accordingly, judgment in favor of respondent was appropriate only for $484.66, the amount concededly due upon the sale of motor fuel. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. Settle order on notice.